IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN DOE**<br><br>v.<br><br>**VALLEY FORGE MILITARY ACADEMY AND COLLEGE** | **CIVIL ACTION**<br><br>**NO. 19-1693** |

**MEMORANDUM RE: MOTION TO REMAND**

**Baylson, J.**                                                                                                           **July 15, 2019**

### I.  Introduction and Background

This case involves claims for damages related to traumatic physical and psychological injuries that Plaintiff, John Doe, allegedly suffered while attending Defendant, Valley Forge Military Academy and College ("VFMAC"), in Pennsylvania.

On April 17, 2019, Plaintiff, a resident of Ohio, filed a Complaint against VFMAC, a citizen of Pennsylvania, in the Court of Common Pleas of Philadelphia County, Pennsylvania (ECF 1, Notice of Removal Ex. A, "Compl."). The Complaint alleges four Counts against VFMAC: (1) negligence; (2) negligent and intentional infliction of emotional distress; (3) negligent failure to rescue; and (4) negligence per se for failure to report suspected child abuse in violation of the Pennsylvania Child Protective Services Law.

On April 19, 2019, VFMAC filed a Notice of Removal in this Court, citing 28 U.S.C. §§ 1441 and 1446, as well as <u>Encompass Insurance Co. v. Stone Mansion Restaurant, Inc.</u>, 902 F.3d 147 (3d Cir. 2018), as providing the bases for removal (ECF 1). Though the Notice of Removal states that Plaintiff is a resident of Ohio and that VFMAC is a citizen of Pennsylvania, the Notice does not expressly state that removal is proper on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. On the same date, VFMAC filed a Notice of Appearance in this Court (ECF 2).

1

On April 22, 2019, VFMAC "sent," by facsimile, a copy of the Notice of Removal to the Prothonotary of the Court of Common Pleas and Plaintiff's counsel. (Resp. at 2; id. Ex. A.) On May 1, 2019, Plaintiff served the Complaint on VFMAC in accordance with Pennsylvania Rule of Civil Procedure 400. (Mot. at 7; id. Ex. C.) On May 10, 2019, VFMAC filed a copy of the Notice of Removal with the Prothonotary of the Court of Common Pleas. (Mot. Exs. C, E; Resp. Ex. C.) VFMAC filed two additional Notices of Appearance in this Court on the same date. (ECF 3, 4.)

Also on May 10, VFMAC filed a partial Motion to Dismiss Count III of the Complaint–the negligent failure to rescue claim–for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (ECF 5). In the same filing, VFMAC moved to strike the punitive damages cause of action from the Complaint pursuant to Rule 12(f). (Id.) The parties filed a Joint Stipulation, which the Court approved, to postpone Plaintiff's Response to the Motion to Dismiss pending the Court's decision on the instant Motion to Remand (ECF 7).

Plaintiff filed the Motion to Remand on May 20, 2019 (ECF 6, "Mot."). The Motion to Remand argues that removal is improper for several reasons. First, Plaintiff argues that the Notice of Removal is procedurally defective because it does not contain a short and plain statement of the basis for removal, as required by 28 U.S.C. § 1446(a). (Id. at 9.) Second, Plaintiff contends that the forum defendant rule in 28 U.S.C. § 1441(b)(2) precludes removal. Plaintiff argues that VFMAC, a citizen of the forum state (Pennsylvania), was served with the Complaint before removal became effective on May 10, 2019: the date on which VFMAC filed a copy of the Notice of Removal with the Court of Common Pleas. (Id. at 11.) Third, Plaintiff argues that this Court lacks federal question jurisdiction over this case because Plaintiff brings only state claims arising from events that took place in Pennsylvania. (Id. at 18–20.) Finally, Plaintiff contends that

2

VFMAC's removal strategy violates the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution. (Id. at 20–21.)

On June 7, 2019, VFMAC filed a Response in opposition to the Motion to Remand (ECF 8, "Resp."). VFMAC contends that removal does not implicate the forum defendant rule because VFMAC was served with the Complaint after it sent a copy of the Notice of Removal to the Court of Common Pleas on April 22, 2019. (Id. at 2–5.) VFMAC argues that even if it had not sent a copy of the Notice to the Court of Common Pleas before it was served, removal would still be proper. (Id. at 3.) According to VFMAC, the rules governing removal procedures make it "abundantly clear" that removal is effected when a notice of removal is filed in federal court, not when a copy of the notice is provided to the state court. (Id. at 3–4, 5.) VFMAC also seeks to refute Plaintiff's contention that this Court lacks original subject matter jurisdiction over this matter. While VFMAC concedes that there is no federal question jurisdiction, VFMAC avers that this Court has jurisdiction on the basis of diversity of citizenship. (Id. at 3 n.1.) VFMAC does not respond to Plaintiff's argument regarding due process.

For the reasons discussed below, Plaintiff's Motion to Remand will be GRANTED.

## II.   Legal Standard

### A.   Removal

Under 28 U.S.C. § 1441(a), a civil action filed in a state court may be properly removed if the federal court would have had original jurisdiction over the action. District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive interests and costs, and is between [ ] citizens of different states." Id. §

1332(a)(1); McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006).[1] Section 1332 requires complete diversity, meaning that "every plaintiff must be of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006); see also GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 34 (3d Cir. 2018). Here, there is diversity jurisdiction because Plaintiff is a citizen of Ohio, Defendant is a citizen of Pennsylvania, and Plaintiff avers that the amount-in-controversy exceeds $75,000. (See Resp. at 3 n.1.)[2]

Where the sole basis for federal jurisdiction is diversity of citizenship under § 1332, as is the case here, the forum defendant rule precludes removal under 28 U.S.C. § 1441(b)(2). The forum defendant rule provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Encompass, 902 F.3d at 152 (alteration in original) (quoting § 1441(b)(2)).

The Third Circuit recently clarified that the forum defendant rule should be read literally. In Encompass, the Third Circuit held that the "plain meaning" of the rule "precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served." Encompass, 902 F.3d at 152. In other words, "Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action." Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699, 705 (2d Cir. 2019) (following the approach of the Third Circuit, "the only other Court of Appeals to address the propriety of pre-

---

[1] Though Plaintiff argues that this Court lacks federal question jurisdiction, as VFMAC points out, neither the Complaint nor the Notice of Removal suggests that federal question jurisdiction provides a basis for removal. (See Resp. at 3 n.1.) Therefore, the Court need not provide the rules governing federal question jurisdiction or address this argument in its analysis.
[2] The parties do not dispute that the $75,000 amount-in-controversy requirement has been met.

4

service removal by a defendant sued in its home state[,]" in <u>Encompass</u>). "If removal violates the forum defendant rule, then it is procedurally defective." <u>Brophy v. Belfi</u>, No. 19-1488, 2019 WL 2515834, at *2 (E.D. Pa. June 17, 2019) (Padova, J.).[3]

Section 1446 sets forth the procedure for removal, explaining that a defendant seeking removal must file a petition for removal within thirty days of the plaintiff's service of the complaint upon the defendant. 28 U.S.C. § 1446(b). The notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." <u>Id.</u> § 1446(a).[4] Section 1446(d), which provide the procedure for effecting removal, provides:

> Promptly after the filing of such notice of removal [in federal court] the defendant . . . shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

<u>Id.</u> § 1446(d); <u>see also</u> <u>In re Diet Drugs</u>, 282 F.3d 220, 231 n.6 (3d Cir. 2002) ("Removal is effective upon filing a notice of removal in both the relevant federal and state courts, and providing

---

[3] Plaintiff contends that VFMAC may not avail itself of removal pursuant to § 1441(b)(2) because the Third Circuit's interpretation of the forum defendant rule in <u>Encompass</u> only applies where there are multiple defendants, unlike in this case. (<u>See</u> Mot. at 15–16.) In support, Plaintiff cites this Court's opinion in <u>Allen v. GlaxoSmithKline PLC</u>, No. 07-5045, 2008 WL 2247067, at *5 (E.D. Pa. May 30, 2008) (Baylson, J.) ("The 'joined and served' language . . . can only apply when there are multiple, named defendants."). Plaintiff disregards the fact that <u>Allen</u> was issued ten years before <u>Encompass</u>, which interpreted the "properly joined and served" language to permit pre-service removal where there was only one defendant. <u>See</u> <u>Encompass</u>, 902 F.3d at 149–50.

[4] As noted above, Plaintiff argues that the Notice of Removal "left [Plaintiff] to guess at what it is that VFMAC believes is a basis for removal" in violation of § 1446(a). (Mot. at 9.) The Court notes that although the Notice of Removal does not cite the diversity jurisdiction statute, § 1332, the Notice reasonably conveys that the action is removable on the basis of diversity jurisdiction. The Notice provides the citizenship of the parties, demonstrating that there is complete diversity, and cites <u>Encompass</u> as a basis for removal. <u>Encompass</u> interpreted the forum defendant rule, which only applies in diversity actions. Plaintiff does not cite, nor is this Court aware of, any precedential judicial decisions suggesting that VFMAC's failure to expressly reference § 1332 in the Notice of Removal requires remand.

notice to the other parties.").

### B. Remand

When an action has been removed, a plaintiff may move to remand the case back to state court pursuant to 28 U.S.C. § 1447(c) for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993). A motion to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." § 1447(c); see also Ramos v. Quien, 631 F. Supp. 2d 601, 608 (E.D. Pa. 2008) (Baylson, J.) ("'[I]t is clear under section 1447(c) that [the procedural] irregularity must be the subject of a motion to remand within 30 days after filing the notice of removal[.]'" (alterations in original) (quoting In re FMC Corp. Packaging Sys. Div., 208 F.3d 445, 450 (3d Cir. 2000))).[5]

The Third Circuit has held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007); see also Corbitt v. City of Phila. Police Officer Thomas Horner, No. 16-5450, 2016 WL 6825917, at *1 (E.D. Pa. Nov. 16,

---

[5] The Court recognizes that the Motion to Remand was filed on May 20, 2019, 31 days after the Notice of Removal was filed in this Court on April 19, 2019. In the Third Circuit, "[a] district court does not have the statutory authority to remand a case because of a procedural defect . . . after section 1447(c)'s thirty-day limit expires." Ramos, 631 F. Supp. 2d at 608 (denying a motion to remand filed 31 days after the notice of removal was filed). However, because the thirtieth day fell on Sunday, May 19, 2019, and Plaintiff filed the Motion to Remand the next day, the Motion was timely under Federal Rule of Civil Procedure 6(a)(1)(C). See Miller v. Coca-Cola Bottling Co., No. 12-0862 (MAS) (TJB), 2012 WL 3683003, at *5 (D.N.J. Aug. 24, 2012) (noting, in the context of a motion to remand, that "if the final day of the allotted timespan falls on a '. . . Sunday, . . . the period continues to run until the end of the next day that is not a . . . Sunday'" (quoting Fed. R. Civ. P. 6(a)(1)(C))). Therefore, this Court may consider Plaintiff's procedural challenges to removal, including that the forum defendant rule in § 1441(b)(2) prohibits removal. See Monroe v. SmithKline Beecham Corp., No. 10-cv-02140, 2010 WL 9461998, at *1 n.1 (E.D. Pa. July 23, 2010) (Joyner, J.) ("[A] motion to remand based on a § 1441(b) violation must be filed within 30 days of removal.").

2016) (Baylson, J.) ("The removing defendant bears the heavy burden of persuading the [c]ourt to which the state action was removed that it has jurisdiction under the removal statutes."). "The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)); see also Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013).

### III. Discussion

As noted above, the crux of the parties' dispute is whether the forum defendant rule precludes removal. VFMAC contends that removal is proper because removal was effected before VFMAC, the forum defendant, was "properly joined and served" on May 1, 2019. See §§ 1441(b)(2), 1446(d). According to VFMAC, removal became effective when VFMAC "sent" a copy of the Notice of Removal to the Court of Common Pleas and Plaintiff's counsel on April 22, 2019. (Resp. at 2–5.) Alternatively, VFMAC contends that removal was completed upon the filing of the Notice of Removal with this Court on April 19, 2019. (Id.) Plaintiff, on the other hand, contends that removal became effective when VFMAC filed a copy of the Notice of Removal with the Court of Common Pleas on May 10, 2019, rendering removal incomplete before VFMAC was "properly joined and served" on May 1, 2019 (Mot. at 7–8.) The Court considers VFMAC's arguments in turn and concludes that because VFMAC was "properly joined and served" before removal was effected, the forum defendant rule precludes removal. See §§ 1441(b)(2), 1446(d).

#### A. Whether "Sending" a Copy of the Notice of Removal to State Court Effected Removal

As noted above, § 1446(d) provides that "[p]romptly after the filing of such notice of removal [in federal court] the defendant . . . shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the

7

removal[.]"  VFMAC first contends that it complied with § 1446(d) when it "sent" a copy of the Notice of Removal to the Court of Common Pleas via facsimile on April 22, 2019, before VFMAC was served on May 1, 2019.  (Resp. at 5; id. Ex. A.)  This Court disagrees.

The plain language of § 1446(d) requires a defendant to "<u>file</u> a copy of the notice with the clerk of such State court, which shall effect the removal[.]"  § 1446(d) (emphasis added).  The copy of the Notice of Removal sent on April 22, 2019 was not "filed" with the state court, as there is no docket entry in the Court of Common Pleas record on that date.  (See Mot. Ex. C.)  Therefore, it did not "effect the removal."  See Carabello v. Williams Fund Private Equity Grp., Inc., No. 06-1052, 2006 WL 2092577, at *1 (E.D. Pa. July 25, 2006) (Baylson, J.) (concluding that this Court lacked jurisdiction over a matter where the defendant sent a copy of the notice of removal to the state court by federal express, and the notice was not docketed in state court).  If, as VFMAC claims, sending a copy of the Notice to the Court of Common Pleas via facsimile on April 22, 2019 "effect[ed] the removal," there would have been no reason for VFMAC to subsequently file a copy of the Notice with the Court of Common Pleas on May 10, 2019.  (See Resp. Ex. C); § 1446(d).

### B.  Whether Filing a Notice of Removal in This Court Effected Removal

Alternatively, VFMAC contends that removal became effective under § 1446(d) when VFMAC filed the Notice of Removal in this Court on April 19, 2019, before VFMAC was "properly joined and served" on May 1, 2019. (Resp. at 3–4.)  In support of this position, VFMAC primarily relies on Encompass.  (See id. at 3.)  According to VFMAC, Encompass "clearly held" that removal is proper as long as an in-state defendant files a notice of removal with the district court before it is served with the complaint.  (Id. at 3–4.)

However, the holding of Encompass is more limited than VFMAC suggests.  In Encompass, the Third Circuit considered whether pre-service removal by an in-state defendant

violated the forum defendant rule in § 1441(b)(2). Encompass held that the plain language of § 1441(b)(2) "precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served." 902 F.3d at 152. As the defendant, a corporate citizen of Pennsylvania, "timely removed the matter" to federal court before it accepted formal service of process, the Third Circuit affirmed the district court's denial of the plaintiff's motion to remand. Id. at 150. The Third Circuit did not address how to interpret the forum defendant rule in conjunction with the procedural requirements of § 1446(d).

VFMAC only cites one other Third Circuit decision in support of its position, Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984), overruled in part by Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995). VFMAC's reliance on this case is misplaced. Pacor is factually inapposite because it involved a removal to bankruptcy court. As the Third Circuit stated in the very footnote VFMAC cites, "the general removal provisions of 28 U.S.C. §§ 1441–1447[] are not applicable to bankruptcy removals[.]" 743 F.2d at 989 n.8. Further, the language in Pacor regarding the "general removal provisions" does not stand for the proposition for which it is cited. Pacor does not state that filing a Notice of Removal in federal court effects the removal. Rather, consistent with the version of § 1446(d) in effect at the time, Pacor provides that "upon completion of procedures required for removal, the state court shall proceed no further unless and until the case is remanded." Id. (internal quotation marks omitted). The "procedures required for removal" include filing a notice in federal and state court and providing notice to other parties. See In re Diet Drugs, 282 F.3d at 231 n.6.

Though this issue was not briefed by the parties in any detail, the question of when removal is completed in the context of the forum defendant rule has not yet been settled by the Third Circuit. District judges within the Third Circuit have concluded that § 1446(d) consists of three distinct

procedural steps that must be met to "effect the removal" before a forum defendant is served: (1) filing a notice of removal in federal court; (2) giving written notice to all adverse parties; and (3) filing a copy of the notice with the clerk of the state court. See, e.g., Westfield Ins. Co. v. Interline Brands, Inc., No. 12-6775 (JBS/JS), 2013 WL 1288194, at *2 (D.N.J. Mar. 25, 2013) (concluding that "until all three steps are completed, the action is not removed and the federal court does not have jurisdiction[,]" but denying motion to remand because the notice of removal was filed with the state court before the forum defendant was served); Stern v. Mylan Bertek Pharms, Inc., Nos. 1:07-cv-5677 (JHR/JS), 1:07-cv-5678 (JHR/JS), 2008 U.S. Dist. LEXIS 62066, at *12 (D.N.J. July 29, 2008) ("Most jurisdictions . . . hold that removal is effected by filing a copy of the notice of removal in the state court.") (internal quotation marks and citation omitted). Further, at least one circuit court has agreed that all three steps of § 1446(d) must be satisfied to effect removal. See Anthony v. Runyon, 76 F.3d 210, 213 (8th Cir. 1996) ("The only rule that logically follows from 28 U.S.C. § 1446(d) is that removal is effected when the notice of removal is filed with the state court and at no other time.").[6] As the Third Circuit has articulated that the removal statutes, including § 1446, "'are to be strictly construed against removal[,]'" the Court finds these decisions instructive. See Boyer, 913 F.2d at 111 (citation omitted).

    To the Court's knowledge, the only district court to have addressed the intersection of § 1446(d) and the forum defendant rule after Encompass followed the same approach. See Hardman v. Bristol-Myers Squibb Co., No. 18-CV-11223 (ALC), 2019 WL 1714600 (S.D.N.Y. Apr. 17, 2019). In Hardman, the plaintiffs served the forum defendants after the defendants filed the notice of removal with the federal court, but before the defendants filed a copy of the notice with the state

---

[6] Though Anthony did not address § 1446(d) in the context of the forum defendant rule, district judges in this Circuit have cited Anthony when discussing the forum defendant rule. See, e.g., Westfield, 2013 WL 1288194, at *2 n.1.

10

court.  Id. at *3.  When considering the plaintiffs' motion to remand, the court concluded that the forum defendants were "properly joined and served" under § 1441(b)(2) "prior to the completion of all three requirements necessary to effectuate removal" pursuant to § 1446(d).  Id. at *4.  As a result, the court determined that the forum defendant rule precluded removal and granted the motion to remand.  Id.  As the Second Circuit has agreed with the plain language interpretation of § 1441(b)(2) adopted by the Third Circuit in Encompass, the Court finds Hardman particularly persuasive.  See Gibbons, 919 F.3d at 705–06 (citing Encompass with approval).

Here, it is undisputed that VFMAC filed the Notice of Removal in this Court on April 19, 2019; that Plaintiff served VFMAC with the Complaint in accordance with state law on May 1, 2019; and that VFMAC filed a copy of the Notice of Removal with the Court of Common Pleas on May 10, 2019.  Because VFMAC was "properly joined and served" before VFMAC completed all three steps necessary to effect removal under § 1446(d), the Court concludes that the forum defendant rule precludes removal on the basis of diversity jurisdiction.  See § 1441(b)(2).  As the Court rests its decision on the forum defendant rule, the Court does reach any conclusions as to Plaintiff's additional challenges to removal.

### IV.    Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand will be granted.

An appropriate Order follows.

O:\CIVIL 19\19-1693 Doe v Valley Forge Military\19cv1693 Memo re Mot. to Remand.docx